134 F.3d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elizabeth HELGUERO, Plaintiff-Appellant,
v.
CITY OF COSTA MESA; Alan Kent, in their individual and
official capacity; Sandra M. Benson, in her individual and
official capacity; Allan L. Roeder, in his individual
official capacity; David L. Snowden, in his individual
official capacity; Donald D. Lamm, individual official
capacity, Defendants-Appellees.
 No. 97-55686.
 United States Court of Appeals, Ninth Circuit.
 Feb. 3, 1998.
 
 Before LAY,** GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Elizabeth Helguero appeals a district court denial of her request for a preliminary injunction in connection with a suit filed under 42 U.S.C. §§ 1981 and 1983. She alleges that the City of Costa Mesa violated her constitutional rights by denying the issuance of an entertainment permit for her bar.
 
 
 3
 Ms. Helguero argues that the city ordinance, which allows denial of an entertainment permit if the activity will have a "substantially adverse impact" on health, safety, or traffic, is unconstitutionally vague and over broad. Additionally, she contends the district court abused its discretion by denying a continuance and evidentiary hearing to the plaintiff, and by largely adopting the city's Findings of Fact.
 
 
 4
 We affirm.
 
 I. Standard of Review
 
 5
 A district court's order regarding preliminary injunctive relief is subject to limited review, and will be reversed only if the court abused its discretion, or based its decision on an erroneous legal standard or clearly erroneous findings of fact. See, e.g., FDIC v. Garner, 125 F.3d 1272, 1276 (9th Cir.1997); Does 1-5 v. Chandler, 83 F.3d 1150, 1152 (9th Cir.1996). In order to establish a valid claim for a preliminary injunction in this circuit, a plaintiff must demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) that serious questions on the merits were raised and the balance of hardships tips sharply in the plaintiff's favor. See, e.g., Cadence Design Sys., Inc. v. Avant! Corp., 125 F.3d 824, 826 (9th Cir.1997); Sega Enterprises Ltd. v. Accolade, Inc., 977 F.2d 1510, 1517 (9th Cir.1993).
 
 
 6
 II. Likelihood of success of the First Amendment claims
 
 
 7
 We agree with the plaintiff that the live entertainment at the Garibaldi de Noche falls into the category of expressive conduct, and therefore carries First Amendment protections. See Ward v. Rock Against Racism, 491 U.S. 781, 790 (1989). However, because the ordinance makes no reference to the kind of live entertainment subject to regulation, this is clearly a content-neutral restriction, subject to intermediate constitutional scrutiny. See Ward, 491 U.S. at 791 ("[T]he government may impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions 'are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information.' ") (internal citation omitted).
 
 
 8
 Ms. Helguero's central argument is that the city ordinance is unconstitutionally vague and overbroad on its face,[1] because the "substantial adverse impact" language in the ordinance allows officials to prohibit a particular speech-related activity under generalized conditions.[2] She argues that the ordinance does not provide any standards by which such adverse impacts can be measured, and this gives officials unfettered discretion to determine which speech to permit and which speech to ban.
 
 
 9
 This argument cannot survive under the weight of Supreme Court precedent. The Court repeatedly has held that a city ordinance is not void for vagueness simply because the statutory language articulates a flexible standard or provides some discretion to city officials.
 
 
 10
 In Ward, the city concert noise ordinance in question stated its purpose was to "insure appropriate sound quality balanced with respect for nearby residential neighbors...." 491 U.S. at 794. The Court stated: "While these standards are undoubtedly flexible, and the officials implementing them will exercise considerable discretion, perfect clarity and precise guidance have never been required even of regulations that restrict expressive activity." Id.
 
 
 11
 In Boos v. Barry, 485 U.S. 312 (1988), petitioners challenged the narrowing construction of a city ordinance regulating picketing near foreign embassies, arguing the language "when the police reasonably believe that a threat to the security or peace of the embassy is present" is impermissibly vague. Id. at 330. The Supreme Court rejected the argument, stating the ordinance "is crafted for a particular context and given that context, it is apparent that the 'prohibited quantum of disturbance' is whether normal embassy activities have been or are about to be disrupted. The statute communicates its reach in words of common understanding...." Id. at 332 (citing Grayned v. City of Rockford, 408 U.S. 104, 112 (1972)). See also Grayned, supra (ordinance prohibiting "disturbing the peace" of a school was not unconstitutionally vague); Cameron v. Johnson, 390 U.S. 611 (1968) (rejecting vagueness challenge to an ordinance prohibiting protests that "unreasonably interfere" with access to public buildings); Kovacs v. Cooper, 336 U.S. 77 (1949) (rejecting vagueness challenge to a sound ordinance forbidding "loud and raucous" sound amplification).
 
 
 12
 In contrast to this precedent, the petitioner cannot cite to any cases in which an ordinance allowing permit denial based on noise and safety concerns was found to be unreasonable. At oral argument, Ms. Helguero's attorney argued that the "best case" to support his position was Fantasy Book Shop, Inc. v. City of Boston, 652 F.2d 1115 (1st. Cir.1980). However, the court in that case upheld a city ordinance that authorized denial of a permit if issuance "unreasonably" increased noise or pedestrian traffic in the area. Id. at 1119. We fail to understand how the Costa Mesa ordinance, authorizing denial if issuance would have a "substantial adverse" impact on the area, is any more vague than the language upheld in Fantasy Book Shop.
 
 
 13
 We find the district court was correct in concluding that Ms. Helguero failed to establish that she was likely to succeed on her First Amendment claim. Under Ward and supporting precedent, the city ordinance clearly is a valid time, place and manner restriction because: (1) the city has a substantial interest in limiting noise and nuisance problems; (2) the ordinance is narrowly tailored to serve that interest, and (3) the ordinance leaves open "ample alternative channels" (i.e., non-nuisance venues) for entertainers to utilize. Without a showing that the city's restrictions are unconstitutionally vague or otherwise unreasonable, Ms. Helguero has not demonstrated a likelihood of success on the merits of her claim.
 
 III. Balance of hardships
 
 14
 The grant of a preliminary injunction also may be justified if serious questions on the merits are raised and the balance of hardships tips in the plaintiff's favor. See, e.g., Cadence Design Systems, 125 F.3d at 826; Sega Enterprises, 977 F.2d at 1517. However, for the reasons stated above, we find Ms. Helguero has failed to raise serious questions regarding to the merits of her claim. Because of the failure to meet this prerequisite, it is not necessary for this Court to reach the issue of balance of hardships in order to uphold the district court's ruling.
 
 
 15
 IV. Denial of continuance, hearing on the motion
 
 
 16
 The decision to grant or deny a continuance lies within the broad discretion of the district court, and will not be disturbed on appeal absent clear abuse of that discretion. United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir.1985). This abuse of discretion standard also applies to the decision to grant or deny a request for oral argument. See, e.g., Kenneally v. Lungren, 967 F.2d 329, 334-35 (9th Cir.1992), cert. denied, 506 U.S. 1054 (1993).
 
 
 17
 Under Local Rule 7.7, Ms. Helguero's reply to the city's motion in opposition to a preliminary injunction was due no later than April 21, 1997. Ms. Helguero filed an ex parte motion seeking to continue hearing on the motion on April 25--four days after her answer was due. The district court found Ms. Helguero did not provide good cause for her belated attempt to continue the motion or for her late reply. The court denied the motion to continue, and, without holding a hearing, issued an order denying the motion for preliminary injunction.
 
 
 18
 Ms. Helguero offers little evidence to indicate that the district court abused its discretion in either its denial of the motion to continue or its ruling on the preliminary injunction without an oral argument. Her request for a continuance was made four days late under local rules, and only three days before the scheduled hearing.
 
 
 19
 The reasons she offers for her late filings are difficult to comprehend, and the district court cannot be found to have abused its discretion by failing to honor them. Additionally, there is no showing of prejudice caused by the district court's refusal to examine her late declarations. The district court did not abuse its discretion in this regard.
 
 V. Findings of Fact
 
 20
 Findings of fact are reviewed under the clearly erroneous standard. See, e.g., In re Lazar, 83 F.3d 306, 308(9th Cir.1996). This applies "even when the trial judge adopts proposed findings of fact verbatim...." Orantes-Hernandez v. Thornburgh, 919 F.2d 549, 567 (9th Cir.1990).
 
 
 21
 Ms. Helguero does not argue, let alone provide support for the argument, that the disputed findings are clearly erroneous. Nor does she provide any authority for the proposition that this court may set aside the Findings of Fact in favor of the memorandum opinion.
 
 
 22
 Finally, even if there was support to conclude the district court erred in adopting the Findings of Fact, given the dearth of case law in support of the petitioner's argument, such an error would have little impact on the decision of this court. We find the dispute regarding the findings of fact irrelevant.
 
 VI. CONCLUSION
 
 23
 The Costa Mesa ordinance clearly is a content-neutral time, place and manner regulation that withstands the applicable intermediate scrutiny articulated in Ward, supra. The district court did not abuse its discretion by denying a preliminary injunction, or by its other rulings related to the petitioner's motion.
 
 
 24
 For the above stated reasons, the ruling of the district court is AFFIRMED.
 
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Vagueness and overbreadth are distinct, if somewhat related, constitutional doctrines. See Fantasy Book Shop, Inc. v. City of Boston, 652 F.2d 1115, 1122 n. 9 (1st Cir.1981). Overbreadth analysis looks to whether a law "sweeps within its ambit (protected) activities" as well as unprotected ones, Thornhill v. Alabama, 310 U.S. 88, 97 (1940), while vagueness deals with whether a statute is sufficiently clear so as not to cause persons " 'of common intelligence ... necessarily [to] guess at its meaning and [to] differ as to its application.' " United States v. Wunsch, 84 F.3d 1110, 1119 (9th Cir.1996) (citing Connally v. General Constr. Co., 269 U.S. 385, 391 (1926)). Here, the ordinance does not purport to regulate any unprotected activity. Therefore we believe the vagueness doctrine provides the more appropriate analysis
 
 
 [2]
 While the plaintiff makes additional first amendment arguments in her brief (e.g., that the city cannot prohibit protected speech based on allegations of misconduct; that the city can regulate but not prohibit protected speech), we find all of these arguments lack merit and were properly disposed of by the district court